IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRANCE LINDSAY, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CHICAGO POLICE OFFICER MICHAEL ) | |
| McCLINTOCK, STAR #8225; CHICAGO ) | |
| POLICE OFFICER PERRY BALLARD, ) | |
| STAR #12444; CHICAGO POLICE OFFICER ) | |
| RYAN WINFREY, STAR #19585; and THE ) | |
| CITY OF CHICAGO, a Municipal Corporation, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, TERRANCE LINDSAY, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the Defendants, CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585 and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, TERRANCE LINDSAY, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

1

4. Defendants, CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On May 8, 2015, the Plaintiff was in the vicinity of 8030 S. Emerald Avenue in Chicago when he was approached by the DEFENDANT OFFICERS.

7. The DEFENDANT OFFICERS placed the Plaintiff under arrest despite the fact the DEFENDANT OFFICERS did not have probable cause to believe the Plaintiff had committed any crimes.

8. The DEFENDANT OFFICERS fabricated evidence against the Plaintiff, specifically that he was in possession of a handgun and tossed it onto a garage roof in the vicinity of 8031 S. Halsted.

9. The DEFENDANTS conspired to charge the Plaintiff with a felony offense by fabricating false police reports, signing false criminal complaints and providing false information to prosecutors.

10. As a direct result of the DEFENDANTS' misconduct outlined above, the Plaintiff was charged with a felony offense of Unlawful Possession of a Firearm and was subsequently detained for over 10 months in the Cook County Department of Corrections.

11. On or about December 20, 2016, all of the false criminal charges initiated by the

DEFENDANT OFFICERS were terminated in a manner indicative of the Plaintiff's innocence.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

12. Plaintiff re-alleges and incorporates paragraphs 1-11 as fully stated herein.

13. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

15. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### Fourth Amendment Claim for Deprivation of Liberty

16. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

18. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty and the prosecution of the Plaintiff would not have gone forward.

19. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Section 1983 Conspiracy Claims

20. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

21. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use

the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

22. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

23. This conspiracy proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
**Indemnification**

24. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

25. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

26. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

27. Plaintiff, TERRANCE LINDSAY, respectfully requests that the Court:

a. Enter judgment in her favor and against Defendants, CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585; and THE CITY OF CHICAGO, a Municipal Corporation;

b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585; and THE CITY OF CHICAGO, a Municipal Corporation;

      c.    Award attorneys' fees against Defendants, CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585; and THE CITY OF CHICAGO, a Municipal Corporation;

      d.    Award punitive damages against CHICAGO POLICE OFFICERS MICHAEL McCLINTOCK, STAR #8225; PERRY BALLARD, STAR #12444; RYAN WINFREY, STAR #19585; and THE CITY OF CHICAGO, a Municipal Corporation; and

      e.    Grant any other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, TERRANCE LINDSAY, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100